IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10 B 17011 |
| STUART MICHEAL PACKER, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | Hon. Jack B. Schmetterer |
| ) | |
| SORMAN & FRANKEL, LTD., an Illinois ) | |
| corporation, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Adversary Case No. 10 A 01645 |
| ) | |
| STUART MICHEAL PACKER, ) | |
| ) | |
| Defendant. ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ITS
ADVERSARY COMPLAINT FOR OBJECTION TO DISCHARGE,
<u>NON-DISCHARGEABILITY AND FOR OTHER RELIEF</u>**

Pursuant to Order of Default, the following Findings of Facts and Conclusions of Law are made and will be entered:

**<u>FINDINGS OF FACTS</u>**

1. Defendant/Debtor, STUART MICHEAL PACKER ("Debtor/Defendant" or "Packer") was formerly married to Susan Kosoglad Packer ("Susan"). (<u>See</u> Complaint, ¶8).

2. Defendant/Debtor and Susan were parties to dissolution of marriage proceedings previously pending in the Circuit Court of Cook County, County Department, Domestic Relations Division, entitled <u>In re the Marriage of: Stuart M. Packer and Susan Kosoglad Packer</u>, Case No. 06 D 9537 (the "Domestic Relations Proceedings"). (<u>Id.</u>, ¶9).

3. Plaintiff, SORMAN & FRANKEL, LTD., an Illinois corporation ("S&F"), was counsel of record for Susan in the Domestic Relations Proceedings. (<u>Id.</u>, ¶10).

1

4. On or about February 19, 2008, the Court in the Domestic Relations Proceedings entered a Judgment for Dissolution of Marriage, which incorporated and included as part thereof a Martial Settlement Agreement (the "Judgment"). (Id., ¶11, Ex. "A").

5. Article XI of the Judgment, entitled "Attorney's Fees," provides, among other things and in relevant part, that:

> (1) [Defendant/Debtor] agrees and consents to the entry of Judgment against him and in favor of [S&F] in the amount of Ten Thousand Dollars ($10,000.00). [Defendant/Debtor] shall pay to [S&F] the sum of Two Hundred Dollars ($200.00) per month, commencing June 1, 2009 until the full balance due has been paid. The $10,000.00 obligation set forth herein shall not accrue interest unless and until [Defendant/Debtor] fails to make any of the scheduled payments as set forth herein. In the event of such missed payment, or failure to make any payment due hereunder, interest at the rate of 9% per annum shall be assessed against the full remaining balance which shall then become immediately due and payable in full and continue to accrue until the full amount is paid to [S&F] ... [and]
>
> (2) The payments due pursuant to this Article XI shall be considered to be in the nature of support and shall not be dischargeable by [Defendant/Debtor]. [Defendant/Debtor] acknowledges that he agrees that these payments shall not be dischargeable and shall remain due and payable.

(Id., ¶12, Ex. "A").

6. As reflected in the terms of the Judgment, Packer acknowledged that the foregoing provisions of same was intended to satisfy a portion of Susan's attorneys' fees owed to S&F, that said payment obligation was intended by the parties to the Judgment to be in the nature of support and that Packer acknowledged same as well as the non-dischargeability of that obligation owed to S&F. (Id., ¶13, Ex. "A").

7. Packer has tendered no payments to S&F as required by the terms of Article XI of the Judgment. (Id., ¶14).

2

8.  There remains a balance due to S&F from Packer in the sum of $10,000.00, plus interest to be calculated at the rate of 9.0% per annum commencing on June 1, 2009 and to conclude upon the entry of Judgment in these proceedings. (Id., ¶15).

## CONCLUSIONS OF LAW – COUNT I

1.  Section 523(a)(5) of the Bankruptcy Code provides, in relevant part, that a Debtor is not discharged from a debt "for a domestic support obligation." (See 11 U.S.C. §523(a)(5) (West 2010)).

2.  Section 523(a)(15) of the Bankruptcy Code provides, in relevant part, that a Debtor is not discharged from a debt "to a spouse, former spouse, or child of the debtor .... that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit." (See 11 U.S.C. §523(a)(15) (West 2010)).

3.  Packer is indebted to S&F in the sum of $10,000.00, plus interest to be calculated at the rate of 9.0% per annum commencing on June 1, 2009 and to conclude upon the entry of Judgment in these proceedings. (See Complaint, ¶¶15, 19, Ex. "A").

4.  That the foregoing debt owed by Packer to S&F arises pursuant to the terms of the Judgment entered in the State Court Proceedings. (Id., ¶20, Ex. "A," p. 20, Article XI, ¶¶1, 2).

5.  That the Judgment clearly identifies the debt owed by Packer to S&F as an obligation incurred in the nature of support and, further, Packer acknowledged the non-dischargeability of same in the Judgment. (Id., ¶21, Ex. "A," p. 20, Article XI, ¶¶1, 2).

3

Case 10-01645    Doc 20    Filed 01/20/11    Entered 01/24/11 10:26:09    Desc Main
                                    Document      Page 4 of 4

10-01645:12.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 1/18/2011 12:11:33 PM by:David Frankel Page 4 of 4

6. The debt owed by Packer to S&F is excepted from discharge in Packer's underlying Chapter 7 proceedings pursuant to 11 U.S.C. §§523(a)(5) and (a)(15), and said debt should be determined to be non-dischargeable.

ENTER: _____
United States Bankruptcy Judge
Dated this ____ day of January, 2011

JAN 20 2011

Prepared by Counsel for Plaintiff:
David J. Frankel (#6237097)
Sorman &Frankel, Ltd.
203 North LaSalle Street, Suite 2350
Chicago, Illinois 60601
(312)332-3535
(312)332-3545 (facsimile)

4